## RAY BROWN v. STATE.

No. A-8905.    July 26, 1935.
(48 Pac. [2d] 348.)

Hugh J. Adams, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Geen., for the State.

DAVENPORT, P. J.   The plaintiff in error, for convenience hereinafter referred to as the defendant, was convicted, as shown by the verdict of the jury, of possession of liquor, and his punishment therefor fixed at a fine of $50 and imprisonment in the county jail of Logan county for a period of thirty days.

The state called Milo Beck, the sheriff, and Roy Jenness, deputy sheriff of Logan county, Okla., each testifying they went to the town of Crescent, Okla., on or about the 1st day of July, with a search warrant to search a certain described building, and they did search the building and found some whisky in the building, claiming that the defendant stated to them it was his whisky.

The defendant, testifying in his own behalf, denies he made a statement to the officers that the whisky belonged to him.

Reference is made in the testimony of the state to certain bottles of whisky that were introduced in evidence,

but there is a total failure on behalf of the state to prove what quantity of whisky was taken from what is known as the Brown building, in the town of Crescent, under and by virtue of the search warrant, and the search made by the sheriff and his deputy.

At the close of the state's testimony the defendant demurred to the evidence offered by the state for the reason that there was not sufficient evidence offered to sustain a conviction.

The provisions of section 2626, O. S. 1931, as amended by chapter 153, § 3, of the Session Laws 1933, pp. 338, 339, makes the keeping in excess of one quart of any spirituous, vinous, fermented, or malt liquor, or any imitation thereof or substitute therefor of any liquor or compounds of any kind or description whatsoever, whether medicated or not, which contain more than 3.02 per cent. of alcohol measured by weight, and which is capable of being used as a beverage prima facie evidence of an intent to convey, sell, or otherwise dispose of such liquors.

The proof of the state in this case fails to show that the defendant had any quantity of liquor in his possession prohibited by the statute, and is wholly insufficient to sustain the verdict and judgment.

The demurrer of the defendant to the state's evidence should have been sustained. The case is reversed.

EDWARDS and DOYLE, JJ., concur.